**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

**JOHNNY ARGUELLO,**

     **Plaintiff,**

**vs.**                                       **No. 12 CV 432 JAP/LAM**

**DAYNA ARGUELLO,**
**STATE OF NEW MEXICO,**
**KERI PATTISON, individually and**
**in her official capacity, and**
**JOHN and JANE DOES I-V,**
**ABC CORPORATIONS I-V, and**
**XYZ PARTNERSHIPS I-V,**

     **Defendants.**

**MEMORANDUM OPINION AND ORDER**

In DEFENDANTS' MOTION TO DISMISS COUNTS I, II, III AND IV (Doc. No. 29) (Motion), the State of New Mexico (State) and Keri Pattison (Pattison) ask the Court to dismiss several claims asserted in Plaintiff's COMPLAINT (Doc. No. 1) (Complaint). The Complaint was filed on March 1, 2012 in the Ninth Judicial District Court, Curry County, New Mexico. The State was served with the Complaint on March 27, 2012, and Pattison was served on March 28, 2012. *See* Notice of Removal (Doc. No. 1). The case was timely removed to this Court on April 25, 2011. *See* 28 U.S.C. § 1446 (b) (providing that a defendant must file a notice of removal within 30 days of service of complaint). Magistrate Judge Lourdes Martinez has stayed all non-qualified immunity discovery pending rulings on this Motion and on a MOTION FOR SUMMARY JUDGMENT ON QUALIFIED IMMUNITY OF DEFENDANT PATTISON (Doc. No. 36) (Motion for Summary Judgment). The Court will rule on the Motion for Summary Judgment in a separate Memorandum Opinion and Order.

1

Plaintiff has not filed a response to the Motion.  Under Local Rule 7.4 (a), "[a] response [to a motion] must be served and filed within fourteen (14) calendar days after service of the motion."  D.N.M.LR-Civ. 7.4(a).  "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M.LR-Civ. 7.1(b).  Under these rules, the Court may grant the Motion by default; however, the Court will also grant the Motion on the merits.  Because Plaintiff may not bring an action under 42 U.S.C. § 1983 against the State and against Pattison in her official capacity and because the New Mexico Tort Claims Act (NMTCA) does not waive immunity for the state law claims against the State and Pattison, the Court will grant the DEFENDANTS' MOTION TO DISMISS COUNTS I, II, III AND IV (Doc. No. 29) (Motion) and will dismiss all claims against the State and against Pattison in her official capacity.[1]

I.  Standard of Review

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff.  *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th  Cir.1984).  To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must set forth the grounds supporting his entitlement to relief through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff must allege facts sufficient to state

---

[1] In ruling on the Motion the Court has also considered DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTS I, II, III AND IV (Doc. No. 30), and DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS I, II, III & IV (Doc. No. 32).  No response was filed.

a plausible claim of relief. *Id*. at 570. A claim is plausible when a plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the conduct

alleged. *Ashcroft v. Iqbal*, ___ U.S. ___ , 129 S.Ct. 1937, 1949 (2009).

II.  Background

The Complaint outlines a series of events that occurred during contentious divorce and

child custody proceedings between Plaintiff Johnny Arguello (Plaintiff) and Defendant Dayna

Arguello (Defendant Arguello).  On August 5, 2009, Plaintiff requested and received an order

for temporary custody of Plaintiff's and Defendant Arguello's child, L.A.  Defendant Arguello

was allowed only supervised visitation with L.A.  Defendant Pattison is Defendant Arguello's

mother and L.A.'s grandmother.  (Compl. ¶¶ 9-12.)  Pattison, who is an employee of the State of

New Mexico's Children Youth and Families Department, was the designated supervisor for

Defendant Arguello's visits with L.A.

In 2010, during a supervised visit with L.A., Defendant Arguello and Pattison called the

Clovis Police Department to report that L.A. allegedly exhibited signs of child abuse.  The police

department as well as the New Mexico Children, Youth and Families Department (CYFD)

conducted investigations.  The court presiding over Plaintiff's and Defendant Arguello's divorce

ordered an "Oasis Safehouse" interview of L.A., which was conducted on February 19, 2010.

(Compl. ¶ 18.)  After the interview, the custody arrangement remained in place, and the

investigation was closed in March 2010.  Plaintiff alleges that Defendant Arguello and Pattison

made a false report of suspected child abuse.

In the First Claim for Relief, Plaintiff claims that Pattison deprived Plaintiff of his

constitutional right to a parental relationship with L.A. in violation of 42 U.S.C. § 1983 and the

Fourth and Fourteenth Amendments of the United States Constitution. In the Second Claim for

Relief, Plaintiffs asserts that the State[2] failed to properly train, supervise, and screen its employee, Pattison in violation of 42 U.S.C. § 1983 .  In the Third Claim for Relief, Plaintiff asserts a state law claim of defamation against Defendant Arguello and Pattison.  Finally, in the Fourth Claim for Relief, Plaintiff asserts a state law claim of *prima facie* tort against Defendant Arguello and Pattison.

III. Discussion

    A.  First Claim For Relief: § 1983 Claim Against Pattison

In the First Claim For Relief, Plaintiff claims that Pattison, acting under color of law as a CYFD employee, deprived Plaintiff of his "rights, privileges, and immunities secured by the United States Constitution and laws, including, without limitation, his right to raise his child, to have custody of his child, and to not have his child taken away from his presence and his right to not have his liberty placed at issue by the state without probable cause."  (Compl. ¶ 30.)

In the Motion Pattison argues that she, as a public employee acting in her official capacity, is not considered a person under 42 U.S.C. § 1983 and may not be sued for monetary damages.  Section 1983 of title 42 provides the basis for a cause of action against persons, acting under the color of law, who violate federally protected rights of others:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .

---

[2] Plaintiff has not specifically named CYFD as a defendant in this action but has only named the State of New Mexico in the Complaint. However, throughout the Complaint, Plaintiff refers to the CYFD as the governmental authority about which he complains.  The Court will refer to the State of New Mexico as the State but will consider the allegations as against the State acting through the CYFD.

4

42 U.S.C. § 1983 (emphasis added). To state a claim under § 1983, a plaintiff must allege: (1) that the plaintiff has been deprived of a protected right under federal law, and (2) that the defendant is a **person** who deprived plaintiff of his right under color of state law. *See Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir. 1988) (emphasis added) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)).  It is well-established that "state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits." *Hull v. State of New Mexico Taxation & Revenue Dept.*, 179 Fed. App'x 445, 446 (10th Cir. 2006) (unreported decision) (citing *Howlett v. Rose*, 496 U.S. 356, 365 (1990) and *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).  Therefore, the Court will dismiss the First Claim of Relief against Pattison to the extent it asserts a claim for monetary damages against Pattison in her official capacity.

B.  Second Claim For Relief: § 1983 Claim Against the State

In the Second Claim for Relief, Plaintiff alleges that the State failed to "properly notify CYFD of the violent and addictive tendencies of its applicants, including Defendant Pattison," and as a result of this lack of screening, the State violated Plaintiff's constitutional rights.  In addition, Plaintiff alleges that the State failed to adequately train and supervise Pattison as a CYFD employee regarding her duty not to violate the constitutional rights of persons with whom she came into contact.  The failure to adequately train Pattison, according to Plaintiff, amounted to the deliberate indifference to Plaintiff's constitutional rights.  (Compl. ¶¶ 32-40.)

In the Motion, the State argues that neither the State nor its executive agency, the CYFD, may be sued under § 1983.  Under the Eleventh Amendment of the United States Constitution, states are immune from suits brought by its citizens in federal court unless the state consents to

5

suit.[3] *Tennessee v. Lane*, 541 U.S. 509, 517 (2004). "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent [the States'] consent." *Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)). The State has not consented to federal civil rights suits.  *Jackson v. New Mexico Public Defender's Office*, 361 Fed. App'x 958, 963 (10th Cir. 2010) (unpublished decision) (New Mexico has not waived immunity under Eleventh Amendment from suits for violations of federal civil rights). Therefore, all of Plaintiffs' claims under 42 U.S.C. § 1983 against the State must be dismissed for lack of subject matter jurisdiction.[4]

In addition, Plaintiff has failed to state claims under § 1983 against the State because states are not "persons" for purposes of liability under § 1983.  *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir.1995). *See also  McLaughlin v. Bd. of Trs. of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir.2000) (stating, "a governmental entity that is an arm of the state for Eleventh Amendment purposes is not a 'person' for § 1983 purposes.").  Therefore, even if the Court had subject matter jurisdiction over the claims against the State, the Court would dismiss Plaintiffs' § 1983 claims against the State under Fed. R. Civ. P. 12(b)(6) for failure to state a

---

[3] The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. am. XI.

[4] Plaintiff repeatedly alleges that the State, acting through CYFD, violated his constitutional rights; however, CYFD has not been named as a defendant.  As an arm of the State, CYFD would also be immune from suit in federal court under the Eleventh Amendment. Thus, any possible § 1983 claims against CYFD would be  dismissed for lack of subject matter jurisdiction.

claim on which relief can be granted.[5]

      C.  Third Claim For Relief: Defamation Against Defendants Arguello and Pattison

    In the Third Claim for Relief, Plaintiff alleges that Defendants Arguello and Pattison published false and defamatory statements to CYFD that Plaintiff abused and/or neglected his child, L.A.  (Compl. ¶ 43.)  Pattison is a "public employee" as defined in NMSA 1978 § 41-4-3(F).  Public employees acting within the scope of their duties may take advantage of the State's sovereign immunity and are immune to tort claims based on their actions unless the immunity is specifically waived by statute. *See Johnson ex rel. Estate of Cano v. Holmes*, 377 F. Supp. 2d 1069, 1077 (D. N.M. 2004) (stating, [a] governmental entity such as CYFD and 'any public employee while acting within the scope of duty' are immune from 'liability for any tort' except as expressly waived in the New Mexico Tort Claims Act.").   In the New Mexico Tort Claims Act (NMTCA), the New Mexico Legislature noted "the inherent unfair and inequitable results which occur in the strict application of the doctrine of sovereign immunity." NMSA 1978 § 41-4-2(A). The New Mexico Legislature, however, also recognized "that while a private party may readily be held liable for his torts within the chosen ambit of his activity, the area within which the government has the power to act for the public good is almost without limit, and therefore government should not have the duty to do everything that might be done." NMSA 1978 § 41-4-2(A).  As a result, the legislature "declared to be the public policy of New Mexico that governmental entities and public employees shall only be liable within the limitations of the Tort Claims Act and in accordance with the principles established in that act." NMSA 1978 § 41-4-

---

   [5] CYFD is also not considered to be a "person" under § 1983.  Thus, any claims against CYFD would be dismissed under Rule 12(b)(6).

2(A). The NMTCA is the "exclusive remedy against a governmental entity or public employee for any tort for which immunity has been waived under the Tort Claims Act and no other claim, civil action or proceeding for damages, by reason of the same occurrence, may be brought against a governmental entity or against the public employee or his estate whose act or omission gave rise to the suit or claim." NMSA 1978 § 41-4-17(A).  In litigation under the NMTCA against a state government agent, a plaintiff must identify a tort for which immunity has been waived, and where the plaintiff cannot find a waiver, there is no recovery.  *Hernandez ex rel. Estate of Medrano v. Frias*, No. 10 CV 351 JB/LAM, 2011 WL 1127882, *24 (D. N.M. Mar. 15, 2011 (citing *Derringer v. State*, 2003 -NMCA- 073, ¶ 16, 133 N.M. 721, 68 P.3d  961 (upholding dismissal of prima-facie tort because no waiver for this tort under the NMTCA)).

Pattison clearly was acting within the scope of her duty as a CYFD employee when she reported her suspicions of child abuse.  Even if Pattison's conduct may be considered tortious, it would be considered within the scope of her duty.  *See Risk Mgt. Div. v. McBrayer*, 2000-NMCA-104, ¶ 19, 129 N.M. 778, 14 P.3d 43, cert. denied 130 N.M. 17 (2000) and NMSA 1978 § 41-4-3(G) (defining scope of duty to include "performing any duties that a public employee is requested, required or authorized to perform by the governmental entity. . .").  Pattison is required by law to report suspected child abuse.  NMSA 1978 § 32A-4-3(A).  Reporting defamatory information does not constitute a tort for which Pattison may be liable under the NMTCA.  *See Johnson*, 377 F. Supp. 2d at 1083-84 (dismissing NMTCA claims against CYFD employee).  Thus, the Court will dismiss the Third Claim For Relief for defamation against Pattison in her official capacity because, as a state employee, Pattison is immune from defamation suits for damages.

8

D.  Fourth Claim For Relief: *Prima Facie* Tort Against Defendants Arguello and Pattison

Plaintiff asserts that Pattison's report that Plaintiff abused or neglected his child constitutes a *prima facie* tort.  Under New Mexico law, a *prima facie* tort cause of action provides a remedy for persons harmed by intentional and malicious acts that are otherwise lawful, but fall outside of rigid traditional intentional tort categories.  *Nagrete v. Maloof Distributing LLC*, 762 F. Supp. 2d 1254, 1287 (D. N.M. 2007). The elements of a *prima facie* tort consist of (1) an intentional, lawful act by the defendant; (2) an intent to injure the plaintiff; (3) injury to the plaintiff; and (4) insufficient justification for the defendant's acts.  *Hageback v. Stone*, 2003-NMCA-007, ¶ 24, 133 N.M. 75, 61 P.3d 201 (2002).  Like defamation, *prima facie* tort is not included as a cause of action for which sovereign immunity is waived in the NMTCA. Therefore, Pattison, in her official capacity, may not be sued for *prima facie* tort, and the Court will dismiss Plaintiff's Fourth Claim for Relief against Pattison in her official capacity.

IT IS ORDERED that the First, Second, Third, and Fourth Claims for Relief in Plaintiff's Complaint are dismissed by reason of Plaintiff's deemed consent and also, on the merits,

1.  Plaintiff's First Claim for Relief against Pattison is dismissed to the extent it asserts a claim for monetary damages against Pattison in her official capacity.

2.  Plaintiff's Second Claim for Relief against the State under 42 U.S.C. § 1983 is dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

3.  Plaintiff's Third Claim for Relief for defamation against Pattison in her official capacity is dismissed because under the NMTCA Pattison in her official capacity is immune from liability on this claim.

4.   Plaintiff's Fourth Claim for Relief for *prima facie* tort against Pattison in her official capacity is dismissed because under the NMTCA Pattison in her official capacity is immune from liability on this claim.

_____
SENIOR UNITED STATES DISTRICT JUDGE