IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOHNNY ARGUELLO,**

    **Plaintiff,**

**vs.**                                              **No. 2:12-cv-00432-JAP-LAM**

**DAYNA ARGUELLO, STATE OF NEW
MEXICO, and KERI PATTISON, individually and
in her official capacity, and JOHN and JANE
DOES I-V, ABC CORPORATIONS I-V, and XYZ
PARTNERSHIPS I-V,**

    **Defendants.**

# ORDER DENYING WITHOUT PREJUDICE
# MOTION TO PRODUCE RECORDINGS *(Doc. 56)*

**THIS MATTER** is before the Court on Plaintiff's *Motion to Produce Recordings (Doc. 56)*, filed August 31, 2012.  Defendant Pattison filed a response on September 5, 2012.  [*Doc. 59*].  No reply to the motion has been filed and the time for doing so has passed.  Having considered the motion, response and record of this case, the Court **FINDS** that the motion shall be **DENIED without prejudice**.

Discovery in this case has been limited to the issue of qualified immunity regarding Defendant Pattison pending the Court's ruling on the qualified immunity issue concerning Defendant Pattison.  *See* **Scheduling Order** *(Doc. 26)* (submitted to the Court by the parties).  The deadline for completing this limited discovery was August 6, 2012.  *Id.* at 3.  In Plaintiff's motion, Plaintiff states that on August 17, 2012,  his counsel received a copy of a confidential intake report from Defendants, and that counsel for Defendants has refused to produce to Plaintiff a copy of a

recording of the caller of the "APS/CPS Intake Report." [*Doc. 56* at 1]. Plaintiff asks the Court to compel production of the recording. *Id.* In response, Defendant Pattison states that Plaintiff never submitted interrogatories or requests for production to her requesting this information, and that she does not know "whether a recording of Defendant Pattison's January 22, 2010 call to Statewide Central Intake exists." [*Doc. 59* at 1 and 2]. Plaintiff further states that she does not have a copy of the recording. *Id.* at 2.

The Court finds that Plaintiff's motion is deficient. If Plaintiff is seeking relief pursuant to Fed. R. Civ. P. 37, Plaintiff is required to attach a copy of the interrogatory or request for production to which Plaintiff alleges Defendants have failed to adequately respond, and Plaintiff failed to do so. *See* D.N.M. LR-Civ. 37.1. If, however, Plaintiff contends that this recording is required for his briefing of the summary judgment motion, then a motion under Fed. R. Civ. P. 56(d) would be the appropriate method in which to seek the recording. *See* Fed. R. Civ. P. 56(d) (explaining that a court may allow discovery "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a summary judgment motion). For these reasons, the Court finds that the motion is deficient and should be denied without prejudice.

**IT IS THEREFORE ORDERED** that the Plaintiff's *Motion to Produce Recordings (Doc. 56)* is **DENIED without prejudice**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**